UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

In the United States District Court
For_____

STEVEN M.JOHNSON T26693
P.O.Box 43/ 2 Clark St.
NORFOLK MA 02056-0043
PETITIONER

        vs.

COMMISSIONER OF CORRECTIONS
KATHLEEN M. DENNEHY
EXCUTIVE OFFICE OF PUBLIC SAFETY
ONE ASHBURN PLACE
BOSTON MASSACHUSETTS 02108

£££££££££££££££££££££££££££££££££££££££££££££££££££££££££££££££

This is a 1983 Action filed in this court for violation of
the Petitioners Civil Rights & Constitutional Rights of the
First, Sixth, Eighth and Fourteenth Amendment of the
Constitution.
  In this the Petitioner was given an illegal Adjustment
for filing of a Inmate grievance against an Inter Permiter
Security Office. In this he was brought into an Office with
Three I.P.S. Officer for what he thought was going to be a
one on one investigation but, turned out with three I.P.S. Off±ce
icers brow beating and intimidating the Petitioner until he
felt he was going to be beat down, so he offered to withdrawel
the Grievance for fear and such. They (I.P.S.) where going
to beat him down, so, he stated he would withdrawel the grievance
that was his big mistake for they (I.P.S.) placed him in
Handcuffs and placed him in the Receiving Building (Segregation)
Unit at MCI-Norfolk. He was given an Adjustment for recant of
grievance. He asked for witnesses and the Griecvance at his
Hearing but, Officer Lyons refused and even told the Petitioner
the Sgt. Ficco of the I.P.S. had told him to find him guilty
and give him 20 Hours extra Work duty. Petitioner immediately
appealed and was denied. He then received a Notice from Superint=
endent that he would be considered for placement at his next
Scheluded hearing for return to his Sending State (MARYLAND).
When Petitioner went to Reclass they told him he could not
go back to Population nor to his Home State that he would be
sent to Shirley Medium instead. The petitioner is asking
this Court to stop the Transfer and return him to his former
Staus for he is being Punished for filing of a Grievance against
an I.PS. Officer O'Malley. In No way or form are they suppose
to Retaliate against anyone for filing a grievance nor intimidate
coierce an individual for filing of a grievance.
        Petitioner asks to be reinstated to his former
Status and Charge D.O.C Officials with placing safeguards as±
not to have this happen again.

Additional award Nominal Damages and Punitive
Damages to the Petitioner in this case for
violation of First Amendment right to Free Speech., Denial of
the Right to call Counsel and witnesses at his hearing , Eighth
Amendment Right to be free from Cruel & Inhuman Punishment
and the Fourteen Amendmet Right to Due Process which was
additionally denied to him by denical of his Sixth Amendment
Rights to be free of Harrassment for exercising of his Const-
utional Rights as under the Constitution of Maryland, Massachus-
stts and United States.

SIGNED THIS ___20___ DAY OF SEPTEMBER 2004  .

SIGNED UNDER PENALTY OF PERJURY.

STEVEN M. JOHNSON T26693
P.O.BOX 43
2 Clark Street
NORFOLK MASSACHUSETTS
02056-0043

226

## MASSACHUSETTS DEPARTMENT OF CORRECTION

### DISCIPLINARY REPORT

INMATE  Johnson, Steven                I.D. NO. T-26693          HOUSING UNIT  P-2 / SMU

DATE  July 30, 2004                     D-REPORT NO.  04-0449

OFFENSE  # 1, 2, 8, and 33.                                      CODE NO.

MINOR _____    MAJOR  ✓_____    REFERRED TO DISTRICT ATTORNEY _____

DESCRIPTION OF OFFENSE

On Thursday, July 29, 2004 an interview was conducted by this reporting officer along with Inner Perimeter Security Sergeant Thomas Ficco and Officer Scott Baldwin relative to Correspondence MCIN04-1027 in which inmate Steven Johnson (T-26693) alleges that an inappropriate comment was directed towards him by an officer.

Through the interview process, and inmate Johnson's own self-admission, he wanted to recant his initial written statement and further advised that he was not even certain that an inappropriate comment was directed towards him.

As a result, inmate Johnson was escorted and placed within the Special Management Unit via the Health Services Unit on Pending Investigation Status.

HAS INMATE BEEN PLACED ON AWAITING ACTION STATUS?              SHIFT  Flex

YES  XXX      NO _____                                   DAYS OFF  Flex

REPORTING STAFF PERSON'S SIGNATURE          C.O. Donald Mahoney, IPS

SHIFT COMMANDER'S SIGNATURE                                         7/30/04    11:08pm

DISCIPLINARY OFFICER'S SIGNATURE

FINDING AND SANCTION, IF ANY

*(transcribed from disciplinary hearing if major matter)*

APPEAL RESULTS

REVIEWING AUTHORITY                                          DATE:

# CHUSETTS DEPARTMENT OF CORRECTION
## M. C. I.  NORFOLK

*226*

## RESULTS OF APPEAL

TO: _____ Johnson, Steven   (T 26693) _____

FROM: D-REPORT NO. _____ 04-0449 _____

DATE: _____ 8/19/04 _____

## A.  BY THE DISCIPLINARY BOARD

After reviewing your case involving the above-cited Disciplinary Report,
the Board finds as follows:

- Convict # 2 with g #1 & Dismiss #33
- Stipulation for a CSP
- 20 hours extra duty

_____ C. Michael Lyons _____  _____  _____
**Chairperson**              **Member**       **Member**

## B.  BY THE SUPERINTENDENT

After reviewing your case involving the above-cited Disciplinary Report, I
find as follows:

_____ Appeal Denied _____

_____ 8/20/04 _____
**Superintendent**              **Date**

A copy of this decision has been served on the inmate

_____ 8/23/04 _____
**Staff Signature**             **Date/Time**

facts:

In this case the Plaintiff is being held in Sgregation
in Retalitory action for his filing of a greiavnce against the
Internal Security Officer O'Malley. On July 22,2004 Officer
O'Malley interveiwed the Plaintiff after he had already been
interveiwed two previous times (One time in the unit and another
by two I.P.S Officer on July 19,2004). When he told Officer
o"malley that he did not fear for his safety and that no one was
had threatened him, he demanded to know what happened. The
Plaintiff told him that him and his bunkie had arguement over the
fact he was bragging about his Handball game claiming he was King
of the Handballcourt, and this led to him being teased by his
fellow inmates as such.. He had gone to the Tier Officer complain
-ing that where not getting along together and that he was disres
-ecting him because he felt the Plaintiff didn't like him because
he was Spainish, The Plainitff told the Officers on Sunday the
18th of July and other Officers it was not that, just his cell-
partner did not want to clean the cell and wanted to move in with
a Spainish inmate but, wanted the Plaintiff to move out. He expla
-ined all this two previous times before Officer O'Malley came to
talk to him. Officer O'Malley kept asking him about Latin Kings
and such and the Plaintiff told him that he would go out and star
-t to approach inmates out in Population. Plaintiff got scared
thinking he was going to start asking questions of gang members a
about the Plaintiff so he filed a greivance about this., asking
Officer O'Malley not to go around asking questions in population
thus dirtying up his name in population. and causing him problems
that he did not need or want.

Once the Plaintiff was out in population and found
that this was not true and that only a couple people had approach
-ed him about this and after discussing it with his Native
American Brothers about the incident ,they told him to withdrawel
the  Grievance or he would end right back in Segregationfor
writing up an I.P.S. Officer especiallyOfficer o"malley.

The Plaintiff gets Panic Attacks and such filed the
greiavnce with the information on which he had at thetime and not
do harm to anyone.But, when he tried to explain this to the Grei-
vanceCoordinator she told him he could not withdrawel his

greiavnce and that he should not worry about Retaliation from no one for it is illegal to retaliate even if they are I.P.S. Officers. But the Plaintiff found this to be a lie for once he got into the Office with Sgt. Ficco he was threatened and made fu -n of and Reatilated Coiersed, intimidated and not allowed to even explain what happenbed and that the greiavnce was filed in good faith by the Plaintiff in this instant and that he filed it with the information he had on hand..

The Defendants refused to listen to anything that the Plaintiff in this case had to say instead placed him in Receiving Unit (Segregation )pending Investigation and then gave him a D.Report for what they claimed was a False report.

In this the Plaintiff argues the report was not false and he is being retaliated against by Defendants for exercising his first Amendment rights and it is  unconstitutional retal- iation for filing of an Inmate Greiavnce in Good Faith.

Additionally the Defendants are trying to punish the Plaintiff for previous Litigation against other I.P.S. Officers in different Prisons for retalaition for filing of greiavnces agaiunst them. (and Pending Suits)

In this the Plaintiff has done nothing wrong just filed a greiavnce in good faith and is now being punished for exercisin -g of his constitutional rights.

REPLEVE:

In this the Plaintiff is asking for immediate release from  Segregation and injuction against mci-Norfolk from further retaliation and to wipe this disciplinary hearing fromhis record as such and as such Punitive Damages of $500.00 per day against the Deefendants for every day that the Plaintiff is kept in sgeregation. Toplace safeguards that a Independent Investigator to be appointed not affiliated with the I.P.S's Office to investigate the claims made against I.P.S. Officials as not to be intimidated and placed on Segregation.

That their action be granted as Unconstitutional and new safeguards areput up to stop the harrassment and such in the future.