UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
STEVEN M. JOHNSON,            )
          Plaintiff,         )
                             )
          v.                 )  C.A. No. 04-12086-WGY
                             )
KATHLEEN DENNEHY,            )
          Defendant.         )
```

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, plaintiff's complaint will be dismissed unless plaintiff demonstrates good cause, in writing, why this case should not be dismissed.  In the alternative, plaintiff may file an amended complaint.

<u>BACKGROUND</u>

Steven Johnson, an inmate at MCI Norfolk, commenced this action on September 20 by filing an application to proceed without prepayment of fees and a complaint naming only the Commissioner of the Department of Correction as a defendant.  Johnson alleges that his constitutional rights were violated when he was allegedly disciplined for filing an inmate grievance naming an MCI Norfolk officer.

<u>ANALYSIS</u>

I.  <u>The Court May Screen This Action</u>

A district court must dismiss a complaint filed by a prisoner <u>in forma pauperis</u> "at any time," if the court determines that it lacks an arguable basis in law or fact, seeks relief against a

defendant who is immune from liability or fails to state a claim.  28 U.S.C. § 1915(e)(2)(b).  All prisoner actions directed against a governmental entity or officer also must be screened on these same bases at the earliest practicable time, regardless of whether or not the prisoner litigant has paid the filing fee.  28 U.S.C. § 1915A.  Here, Johnson's complaint is subject to dismissal because he names only the Commissioner of the Department of Correction as a defendant, and no allegation of the complaint involves her.

    A. <u>The Only Named Defendant Is the Commissioner</u>

    Federal Rule of Civil Procedure 10(a) states that the caption of the complaint "shall include the names of all the parties."  Fed. R. Civ. P. 10(a).  In the body of the complaint but not in the caption, Johnson refers to serveral officers at Norfolk.  Because plaintiff has named these persons in the body of the complaint only, the Court will not consider these parties to be named defendants and any attempt to assert claims against these persons by plaintiff, absent an amendment to the complaint, will be rejected.  <u>See</u> Fed. R. Civ. P. 10(a)

    B. <u>No Allegation of the Complaint Concerns the Defendant</u>

    In order to state a Section 1983 claim, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the

Constitution or laws of the United States.  <u>Rumford Pharmacy, Inc. v.</u>
<u>City of East Providence</u>, 970 F.2d 996, 998 (1st Cir. 1992).   Any
claims by plaintiff against the Commissioner of the Department
of Correction are subject to dismissal because no where in the
complaint does he allege any facts indicating that any action
by this defendant actually injured him.

Liability under Section 1983 is direct, not vicarious,
and plaintiff may not seek liability against the Commissioner
merely because she is the superior to the officers referred to
in the body of the complaint.  <u>Pinto v. Nettleship</u>, 737 F.2d
130, 132 (1st Cir. 1984) (liability under § 1983 can only be
imposed upon officials who were involved personally in the
deprivation of constitutional rights); <u>Guzman v. City of</u>
<u>Cranston</u>, 812 F.2d 24, 26 (1st Cir. 1987) (supervisory
officials cannot be held liable solely on the basis of their
employer-employee relationship with a tortfeasor).  Because no
allegation of the complaint concerns any action by the
Commissioner, plaintiff has failed to state a Section 1983
claim against the Commissioner.  <u>Pinto</u>, 737 F.2d at 132; <u>cf.</u>
<u>Rodriguez-Vazquez v. Cintron-Rodriguez</u>, 160 F. Supp. 2d 204,
210-213 (D. P.R. 2001) (dismissing claims, allegation that
defendant was "ultimately responsible for the selection and/or
supervision and/or training and/or discipline of his

subordinates" was insufficient).[1]

CONCLUSION

ACCORDINGLY, plaintiff is directed to demonstrate good cause, in writing, within forty-two (42) days of the date of this Memorandum and Order, why this action should not be dismissed for the reasons stated above.  In the alternative, plaintiff may, if he chooses, file an amended complaint within the stated timeframe.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>15th</u> day of <u>October</u>, 2004.


<u>s/ William G. Young</u>
WILLIAM G. YOUNG
CHIEF JUDGE

---

[1]To the extent that plaintiff seeks monetary relief from this defendant in her "official" capacity, the Eleventh Amendment would also bar relief.  <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 101-102, (1984) (stating that "as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief."); <u>accord</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989) (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office).