UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN M. JOHNSON § C.A. No. 04-12086-WGY
    PLAINTIFF.
    Pro-Se

v. §

KATHLEEN DENNEHY
COMMISSIONER OF CORRECTIONS §

LUIS SPENCER
SUPERINTENDENT MCI-NORFOLK

CAPTAIN DAVID SULLIVAN §
Michael Lyons  Hearing Officer

INTERNAL PERIMETR SECURITY §
SGT THOMAS FICCO
DONALD MAHONEY CO. §
SCOTT BALDWIN
DEFENDANTS

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

Motion to Amend complaint under Rule 15 (a)
A Party may amend his once as a matter of course at any time
before responsive Pleading his served and prior to entry
of an order dismissing.


    In this the Plaintiff in this case is being held on Disciplin
-ary Segregation Status (although they claim it is Administrative
it is Disciplinary Status).

    The Plaintiff in this case brings this Pro-Se motion to
this court on Violations of First Fifth, Sixth, Eighth and
Fourteen Amendment Right Guarenteed under the Constitutions
Of Maryland, Massachusetts and the United States.

    In this the Plaintiff in this case is being held on Dis-
cilpinary segregation (they claim it's Administrative but, it's
Discilipinary Conditions).

    The Plaintiff in this case filed a Grievance in good faith
and in accordance with the POLICY of D.O.C.. Instead of being
allowed to have the Grievance Process follows proceedures and
be properly investigated. The Administration took steps to
punish the Plaintiff for exercising his Constitutional Right
and inviolation of the there own Regulation CMR491.17.

    In this MCI-Norfolk Officials have shown a pattern of abus-
ing Plaintiff's right to exercise his first & fourteenth Rights
of the Constitution.. In this due process rights and a protected
liberty interest implicated in the transfer of the plaintiff
and subsequent placement in being placed in the RB/SMU.

    In this Prisoners do retain a narro interest of rights
such as right to access the courts and such. In this the
Plaintiff filed a grievance in good faith was intimidated, coirse
-d and given a Major Ticket for the filing of grievance
thrown in RB/SMU without permission of anyone, just on the

claim that He Was a Danger to the Institution or the State of Massachusetts. No body informed the Plaintiff that he was under investigation until 24 Hours after he had been placed on Segregation Status.

   In this the Superintendent actions placing inmate in segregation unit cell for commission of specific disciplinary offenses before the inmate had been found guilty, before sanctions had been imposed and before the Commissioner of Corrections had found that inmate posed substantial threat to institution, were in direct contravention of segregation unit regulations, and thus his confinement in the unit was contrary to law (2) Denial of inmates request to call witness at disciplinary hearing in segregation unit violated inmate's due process rights, as well as regulatory requirement, since no applicable regulation barred inmate(Plaintiff) from such area an addition the Segregation Unit has a secure visitation area in which safety of witnesses could be assured.

   In this Commissioner Dennehy was notified about the illegal Adjustment procedure in Early August and again on August 17 she received another one from the Plaintiff in this case.. She may or may not have known of the segregation status but, she knew about it shortly afterwards. In Accordance with Her own Policy it was supposedly with her approval that the Plaintiff was placed on Segregation and if he was not she should have taken steps to ensure that he was removed once she found out that the Plaintiff was on Segregation for a Legal process (Grievance), she should have had him removed and his former status returned to him.(kenney v. Commissioner of Corrections 468 N.E. 2d 616). In this according to 421 promuglated pursuant to G.L.c. 124§ 1(b), (q) and G.L. c 127, §.  In accordance with this policy the Commissioner of Corrections had a responsibility to atleast look into the matter and order the adjustment expunged from his record..

   Superintendent Luis Spencer of MCI-Norfolk has continually violated the Plaintiff's Constitutional Rights and his own Regulations under CMR 430 was to place an individual in Segregation status only if he is deemed a threat to the Security of the Institution or to others (including himself). In this there was no reason whatsoever to place the Plaintiff in Segregation Unit for the filing of a grievance and then asking to withdrawel it (especially after he felt intimidated by the investigating officers)..
   In this Superintendent has violated the Plaintiffs First, Fifth, Sixth, Eighth and Fourteenth Amendment Rights under the constitution of Massachusetts, Maryland and of the United States.. He has allowed his Investigators to run Roughshod over the Plaintiff and his rights, to intimidate, coierse, threaten and out and out bully the Plaintiff in this case to cause him to have Painic Attacks. Superintendent additionally approved this by his support of the guilty finding by the Disciplinary Officer by stating he felt it would teach the Plaintiff a lesson, for asking to withdrawel his grievance?
   Additionally the Defendant has denied the Plaintiff in this case his right to Due process by allowing a second Adjustment Report being written on him for the filing a grievance.

grievance about the adjustment Report (Retaliation Adjustment Ticket) written on him inwhich he is now in Segregation for. Not only was it written but, it was back-dated two months back and then served on him for refusing to talk to the same two Officer that intimidated him to begin with. Superintendent has continually violated D.O.C. Policy by allowing his Officer's to retaliated against the Plaintiff time and time again for a protected right.

Additionally the Defendant has refused to allow the Plaintiff in this case to Practise his Faith of Native American Faith by refusing to allow him to meet with the Native American Chaplin . Refusing to allow him to partispate in Smudge and Pipe ceremony. Additionally when ever he asks for material from the Library about the native Americans the Librarian continually to send him Christian Lititutre, even after he complained to Superintendent about this the Superintendent has ignored all letters addressed to him about the Plaintiff practising his Faith. The Plaintiff was in the native American Spiritual Council in Population at MCI-Norfolk. It is not like he comes to SMU/RB claiming he is a Native American (Practising) he was partispating in it in population.

He has been denied his Basic Right to practise his Religon by continually having his request ignored, even the grievances he has filed about this have been ignored completely. The most simplist request to see his Chaplin have been denied. The one time he did try to come to visit him they told him it was not allowed, due to Security reasons. His First and Sixth Amendment Right to Practise his Religon are being Balantent violationof his Constitutional Rights.

Defendant in this has continually violated his Constitutional Rights either by allowing his Investigators to write False Disciplinary Reports on him or violating his Constitutional Rights of Due Process under the First, Fifth Eighth and Fourteenth Amendment. Plainitff in this case suffers from Panic Attacks and as such his placement in Segregation after he was given an Panic Attack by three officers surrounding, of course he is going to withdrawel his grievance after being in intimidating situation. No way was this to happen but, not only did the Superintendent allow it but, he encouraged it by approving the ticket as a Major instead of dismissing it right away as perscribed in CMR491.17.

Captain David Sullivan violated Plaintiff's First, Fifth and Fourteenth Amendment Rights and violated CMR421 by allowing the Plaintiff to be placed in Segregation Unit cell before he had been found guilty of any or sanctions imposed. The Plaintiff was not a threat to the Institution or the Security of it or person of said institution, in violation of the Plaintiff's 5 & 14 Amendment Rights. He has shown his person Animosity toward the Plaintiff in this case for his past letter writing requests. Captain Sullivan had already made it clear to the Plaintiff that he felt the Plaintiff wrote to much. There was no way that the Plaintiff should have been placed in Segregation for crimes against the State or the Institution for the filing of a grievance., which is a lawful activity. Captain Sullivan has Violated or partispated in the Violations of the Plaintiff First, Fifth, Sixth Eighth and Fourteenth Amendment Rights under the Constitution of the United States.

Michael Lyons has violated the Plaintiff's right in this case by deniing him the right to call witnesses and to present eveidence on his Behalf, he refused to have someone from Mental health present at his hearing or allow the the Plaintiff to present evidence of a Mental Condition, (anxiety/ Panic Attacks). In this he denied the Plaintiff his Due Process rights under the First Fifth eighth (cruel Punishment) and fourteenth amemment rights. Additionally Officer Lyons violated the Plaintiffs Sixth Amendment Right to call or have Representation at his D.Hearing on the Basis that he did not get his slip on time (He was served on August 3rd, 2004, he sent it out the same day and on August 5, 2004 at 11:00 am he claimed he never received it, and that the Plaintiff waived his right to counsel because he never recieved his request for witnesses or repsentantion.) .At the Hearing he was told he must find him guilty per Sgt Ficco of the I.P.S. he had a choice of Minor/Major and be shipped out + automatic 20 Hrs Extra Duty. The Plaintiff was found guilty of a major, pluss still assigned twenty hours extra duty of work (Double Jeopardy). When Plaintiff told him he can't find him guilty of filing a grievance he stated" You Recanted (withdrew)". Since you recanted you are to receive an adjustment. I asked for it to be recorded as in my State I was told I must provide the Tape Player and Purchase the cassette Tape. I told him I have a cassette Tape in my Property, he said we cannot use that one? It is to late anyway for we are to have the hearing now and thus had the hearing and found me guilty of a Major infraction, sentenced to 20 Extra Hours of work (illegal sentence) pluss I lose my status for six months, including my job and a reconmendation if I get another adjustment for a reclass (within a six month period).. In this the Plaintiff was on top of the List for a Food Service job and was additionally on the list for welding, Culinary Arts and college program. By finding him guilty of the this adjustment for a clearly protected right he violated his own CMR's to find the Plaintiff guilty of a clearly protected right.

He was not allowed to call witnesses nor present evidence to presnt his case in a Fair manner.

Hearing Officer (D)(Officer) Lyons has conspired to violated the Plaintiff's First, Fifth, Sixth, Eighth and Fourteen-th Amendment Rights under the Constitution of the United States and of the MAssachusetts and Maryland Constitutions also.

Sgt. Ficco has conspired with D.Officer or ordered the D. Officer to find the Plaintiff guilty in this case as a retailitory matter for his filing of a lawful Activity (Filing of a Grievance). In this he told the Hearing Officer that he must find the Plaintiff guilty for filing a grievance for a lawful activity., The plaintiff filed a Grioevance against Officer O"Malley in this case who made a derogatory comment toward Native Americans. The Deefendant in this refused to allow the Plainitff to explain the Nature of his grievance and why he filed it. he continued to try to make the Native American as the as who the Plaintiff filed the grievance about.

Sgt Ficco conspired with fellow I.P.S.to intimidate and place the Plaintiff in Fear of his life/safety by having three Officers surround him in a closed in room and continued to yell at him(Question Him) while trying to explain what the grievance was about. Continued to interup him and mock him in the process.

Sgt. Ficco is violated his First, Fifth. Sixth, Eighth and Fourteenth Amendment Rights. In this he shoulkd have called Mentalk health or had them present to talk with the Plaintiff before he made any decision about the Plaintiff.

Officer Donald Maloney violated the Plaintiff constitutional Rights by intimdating and coirseing the Plaintiff standing over him and questioning him about his grievance. In this the Grievance was to be done by Independent Investigator not one who works in close Proximity with Officer O'Malley. In this he joined with Sgt. Ficco in intimidating, Harrassing and Coirseing the Plsaintiff in this case for filing of a Grievance which is a lawful activity. The Defendant when taking the plaintiff to the Receiving Building to be placed in segregation told Officer that he's was placing him in the Hole because he was scared.

Officer Maloeny has violated the Plaintiff's First Fifth, Sixth , Eighth and Fourteenth Amendment Rights Under the Constitution of maryland, massachusetts and the United State.,

Officer Scott Balwin has conspired with Officer's Maloney and Sgt. Ficco to violate the Plaintiff's Constitution RightsOfficer Scott Balwin has harrassed the Plaintiff in the past by approaching him in the Library and having him stripped search for a Pimplke under his eye after he pulled his glasses off he could see it was a pimple but, still decided to strip the Plaintiff in this case. In this Officer balwin has written retalitory adjustment reports on the Plaintiff in this case for the filing of grievance. Officer Balwin along with other plaintiff's have conspired to violate the Plaintiff constitutional rights under the Constitution.

Officer Balwin along with Officer Maloney and Sgt Ficco to intimidate coirese and Retaliate against the Plaintiff for the filing of alawful activity.

Officer Scott Baldwin has continued to conspire with other named Defendants to violate the Plaintiff's First, Fifth, Sixth, Eighth and Fourteenth Amendment Rights under the Constitution of the Massachusetts, Maryland and the United States.

### FACTS:

In this case the Plaintiff is being held in Disciplinary Segregation as a Retalitory Action for his filing of a Grievance against a Internal Premeter Security Officer (O'Malley).

On July 22,2004 Officer O'Malley interviewed the Plaintiff in this case after he had already been interviewed on two seperate occassions. At this time he informed Officer O'Malley that he was not in fear of his safety and wished to be returned to Population. At this time Officer O'Malley then asked the Plaintiff to repeat the story as he already had done two previous times. In this the Plaintiff told this Officer that His cell Partner at the time (Ramon Rodriguez) had an arguement in the cell (nothing major) just that his cellpartner did not want to clean the cell got mad and went to the tier Officer to complain that they where not getting along. It tunrs out that his cell partner claimed that the Plaintiff and him where not getting along together because he felt the Plaintiff did not like him because he was Spainish..

When the Plaintiff was summoned to the Office in the Unit the Officer's started off the interview with what is going on and all usual questions. Then came out and claimed that the Plaintiff's cell Partner had claimed that the Plainitiff and him where not getting along because he was Spainish. The plainitiff had heard this before., and told the Investigators that this was not true. That the only thing he knew about was when the Mr. Rodriquez claimed he was "King of the Handball Court". This ended up with Mr. Rodriguez being teased all over the Facility. He had gotten mad about this but, nothing serious. He told the Officers that and next thing he knew he was in Handcuff's and being brought to the Receiving Building and placed on Administrative. He was interviewed again on the July 19th, by two I.P.S and then on July 22,2004 interviewed for the Third time by Officer O'Malley demanding what was going on between him and the **LATIN KINGS**? Plainitff knew nothing about L.K's and as such told Officer O'Malley this. He then asked again about the L.K.'s and plainitff told him about the "King of the Handball" and how he got teased and such but, nothing about no L.K.'s ever came up in the Plaintiff conversation on the initial interview and had no idea how they got Latin Kings out of "king of the Handball Court".

At this time the Plaintiff had already signed two different set of waivers and was wondering what was going on and was starting to have Panic Attacks at the time. Officer O'malley then demanded that the plaintiff verify this and the Plaintiff told him he was with two of his Native American Brothers at the time and that they could verify for one of them was (jokingly) Teased him about it (because his game was not that good). He then stated you're an Indian? I corrected him and stated Native American, he then stated Native American. and as he was leaving he stated a Damn Indian. and he was going to check thing out in Population. The Plaintiff thought he meant he was going to check things out with the Latin Kings and filed a Grievance askiing Officer O'Malley not talk to anyone associated with the Latin Kings about him.. That was the extent of the grievance and his remark about Damn Indians.

On July 25,2004 the Plaintiff was released from Segregation and the following day went to Native American Service and talked with his brother -'s about the incident. he was advised to withdrawel his grievance for

anyone who writes up an I.P.S ends back in Segregation for a long time and usually ends up being sent out of here. So the Plaintiff wrote to Grievance Coordinator who was Lt. Kilroy at the time. She stated the following to the Plaintiff'That it was to late to withdrawel it, but all he had to do was tell the Special Investigator he wished to withdrawel his grievance and "No one would Retaliate against him for filing it". The plaintiff found this statement to be very untrue.. The minute he walked into the I.P.S. Office he was under attack by Sgt. Ficco . Officer Maloney and Officer Baldwin. They kept trying to blame the Native Americans for who he was worried about. he told them no and tried on many occassion to explain what it was about (Latin Kings), but, he refused to let up on the Plaintiff. He then stated "We don't like people Muddying our name up here". The whole time during the interview Officer Baldwin and Maloney where standing over the Plainitiff. The Plaintiff thought he was going to get a beat down and quickly stated that he just would like to withdrawel the grievance. For at this time the Panic Attack had come in full swing and the only thing the Plaintiff could think about was trying to get out of that office and away from those I.P.S. . The I.P.S. had placed him in fear of his safety now and refused to allow him to even properly answer a question . For they constantly interupted him and mocked him in the interview process.

When the Plaintiff informed the I.P.S he just wanted to withdrawel his grievance and leave , they told him to wait outside a minute and a few minutes later called him back in the Office and placed Handcuffs on him. He asked why and was told because he asked to withdrawel his Grie-vance so he was being locked up?

Subsequently he was taken to the RB and placed in a cell. When one of the Officer's in the RB asked why he was being locked up Officer Maloney stated"Because he's scared". Next day he was given a letter stateing that he was being investigated for crimes against the state or the Institution.. This caused another Panic Attack due to now he couldn't figure out what crime he had committed. All the Plaintiff had done was file a grievance in good faith and was now in the SMU/RB pending Investigation. The plaintiff wrote to everyone from Lt. Governor of Massachus-tss to Secretary of Public Safety & Corrections and the Commissioner Of Corrections too, asking for assistance, but none came or has come as of yet.

On August 3,2004 the Plaintiff was given an Adjustment for for making statement and lying to and interfering with an Officer's Duties. The hearing Officer refused to allow the Plaintiff to call witnesses, present evidence in his favor or to have Representation. he claimed that the Plaintif-f waived this right because he had not received the paper stating what he wanted witnesses (but Plaintiff mailed it the same day he received the Adjustment Report). He told hearing officer Lyons that it is illegal to punish the Plaintiff for filing of grievance, he stated You Recanted/Withdrew your claim and so you're to get a ticket. The only question is what it is going to be. Sgt. Ficco states you must receive 20 Extra Hours of duty for lying. I told him I did n't lie. he stated it didn't matter and found me guilty of a Major Infraction and thus was stripped of all my status as eligibility for work, Shop and College.

In addition on October 8,2004 Lt. Kilroy introduced the new Grievance Proceedure to the Plaintiff inwhich he can file for Retaliation of Grievance. The plaintiff filed it about his August 3,adjustment and subsequently on October 15,2004 he was given a Back-dated Adjustment and told he would be given an Hearing right away. He has not had it Post-Poned until November 15,2004.. This adjustment was written but Officer Scott baldwin for refusing to talk to him and Officer maloney. The same two that had threatened him in the office with Sgt. Ficco., The Plaintiff did talk to Lt. Harvey who told him if he did not want to talk to the I.P.S. he did not have to. There was no law/rule that says you have to.

On November 10,2004 he was offered the job in the Receiving Building as a runner. Although it doesn't pay anything it keeps you out of your cell most of the day and they feed you two meals everyday (for all three meals). He was told that I.P.S would not approve him. Again on on November 13,2004 he was offfered the other runners job on the seconbd floor to be. He was denied again.

In this the Plaintiff is still being denied his rights and harrased by the Defendants in this case for his exercisng of his Constitutional Rights under the Constitution of the United States and others. Plaintiff is asking for this court to give him his day in court and to find the the actions of the Defendants unconstitutional.

### REPLEVE:

1. To Grant Summary Judgement to the Plaintiff in this Case.

2. Have Defendants action declared Unconstitutional.

3. Award Court Costs to Plaintiff.

4. Back-Pay (although Plaintiff was to strat his job in the kitchen, he is asking what he would have received which is a Dollar-Fifty-Cents a day.

5. Grant Punitive Damage of A Hundred Dollars a day.

6. Grant injuctive Relief to the Plaintiff in this case so he is not further retaliated by the Defendants in this c -ase.

7. Have MCI-Norfolk and D.O.C insure that rules are follow -ed as such as this doesn't happen again. As reconmended in the Governors Handbook to the Commissioner.

SIGNED UNDER PENALTY OF PERJURY.

SIGNED THIS 15th DAY OF NOVEMBER 2004.

STEVEN M. JOHNSON 126693
P.O.Box 43
MCI-NORFOLK
NORFOLK MA 02056-0043

## AFFADAVIT:

On November 12, 204 I the Plaintiff in this case was Interviewed By Sgt. Kenney of the Inmate Grievance Office.

In this she was objecting to the Plaintiff asking for his native Amenrican items (necklace and Medicine Bag). She claimed that the Plaintiff can't be a practising Native American because according to her it is Sacreligous to native Americans to cut their Hair and such the Plaintiff can not be a Native American for he is Bald.

Additionally he was told that he would still be receiving his Native American visits in the Visiting Room behind a Glass ¼ inch Plexiglass screen that the reasons the other chaplkins have acess to inmates is that they are D.O.C. Employees and for Security Reason D.O.C. will not allow him to come on the Tier. Although he mingles with inmates in Population, but different case sernerio.

Although their is a Secure room inwhich the Plaintiff could have a face to face to visit with the chaplin this will not happen nor will he be allowed to partispate in a smudge ceremony and Pipe ceremoney, as he was in Population. That what the Fed's do and Old Colony do are two different things and this will not be permitted at MCI-Norfolk Receiving Building.

SIGNED UNDER PENALTY OF PERJURY:
SIGNED THIS 13th DAY OF NOVEMBER 2004.

*[signature]*

STEVEN M. JOHNSON T
T26693
P.O. Box 43 MCI-Norfolk
NORFOLK MA 02056-0043